■ In the Matter of the Claim of VINCENT PUMA, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 8, 1976. The board found "claimant sustained an accidental injury to his back arising out of and in the course of his employment." The appellant has not demonstrated that the board arbitrarily denied it a proper opportunity to submit evidence or that there is a failure of substantial evidence to support the board finding. Decision affirmed, with costs to the Workmen's Compensation Board against the employer. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of ALBERT LUBART, Respondent, v LOUIS BRANDT, Doing Business as CAMP ARCADY and/or the NEW ARCADY CAMP CORP., et al., Appellants, and SPECIAL FUNDS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 12, 1976, as amended March 18, 1977, which modified a referee's decision and awarded a payment to the Special Funds for "Non-Dependency Death" cases pursuant to the provisions of section 25-a, subdivision 9 of section 15 and section 14-a of the Workmen's Compensation Law. The board found: "decedent[s] accident arose out of and in the course of * * * employment * * * inasmuch as the Special Funds * * * were not parties to the negotiation and settlement of the liability actions based on the death[s], the Special Funds can claim "no dependency" benefits * * * 'double-indemnity no-dependency awards' under Section 14-a are payable." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.